# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| JOHN LIZARDO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 10-402 (SH)<br><br>MEMORANDUM DECISION<br>AND ORDER |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying (a) plaintiff's application for Disability Insurance Benefits under Sections 216(i) and 223 of the Social Security Act and (b) plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief with Points

1

and Authorities in Support of Remand or Reversal; Defendant's Points and Authorities in Opposition to Plaintiff's Complaint ("Defendant's Brief"); Plaintiff's Reply Memorandum in Support of Plaintiff's Complaint), and the defendant has filed the certified transcript of record.

On July 31, 2007, plaintiff John Lizardo filed an application for Supplemental Security Income. (Administrative Record ["AR"] 112-18). On the same date, plaintiff John Lizardo filed an application for a period of disability or Disability Insurance Benefits. (AR 119-21). Both applications alleged an inability to work since March 5, 2006. On October 26, 2009, an Administrative Law Judge ("ALJ") found that plaintiff had three severe impairments -- affective disorder, personality disorder and a substance addiction disorder -- but determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR 9-21).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 1-3), plaintiff filed an action in this Court.

Plaintiff makes four challenges to the ALJ's Decision denying benefits. Plaintiff alleges that the ALJ erred in (1) failing to properly consider the findings of the examining psychiatrist; (2) failing to consider the findings of the treating psychiatrist; (3) failing to properly assess plaintiff's residual functional capacity ("RFC"); and (4) failing to pose a complete hypothetical to the vocational expert.

For the reasons discussed below, the Court concludes that the decision of the Commissioner should be reversed and remanded.

///
///
///
///

## DISCUSSION

**A.  A remand is warranted based on the ALJ's failure to fully develop the record.**

Defendant has not addressed any of the four errors alleged by plaintiff.  Instead, defendant argues that the errors alleged by plaintiff are irrelevant in light of the ALJ's finding that plaintiff would not be disabled if he stopped his substance abuse.  (See Defendant's Brief at 2-7).

The ALJ initially found that plaintiff had three severe impairments -- affective disorder, personality disorder, and a substance addiction disorder.  (AR 12).  The ALJ then found that each of plaintiff's impairments met a listed impairment -- Listing of Impairments 12.04 ["Affective Disorders"], 12.08 ["Personality Disorders"] and 12.09 ["Substance Addiction Disorders"] (AR 12-15) -- thereby presuming disability, see 20 C.F.R. § 404.1520(a)(4)(iii), 416.920(a)(4)(iii)).  The ALJ then found that, absent plaintiff's substance use, plaintiff would not have any impairment that met or equaled a listed impairment.  (AR 15-16).  After determining plaintiff's residual functional capacity absent plaintiff's substance use, the ALJ concluded that plaintiff was not disabled, based on the following finding:  "[b]ecause [plaintiff] would not be disabled if he stopped the substance use . . ., the [plaintiff's] substance use disorders is a contributing factor material to the determination of disability."  (AR 16-21).

"A finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits."  Bustamonte v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001).  A claimant cannot be considered disabled "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. § 423(d)(2)(C).  The implementing regulations state:  "If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability."  20 C.F.R. §§ 1535(a),

416.935(a).  "The key factor we will examine in determining whether drug addiction is a contributing factor material to the determination of disability is whether we would still find [the claimant] disabled if [the claimant] stopped using drugs or alcohol."  20 C.F.R. § 404.1535(b)(1); 20 C.F.R. § 416.935(b)(1).  The claimant has the burden of proving that substance abuse is not a contributing factor material to his or her disability.  Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008).  Nonetheless, the ALJ has the "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered . . . even when the claimant is represented by counsel."  Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003); see also Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ's duty to develop the record fully is also heightened when the claimant may be mentally ill and thus unable to protect her own interests.").  This duty may be more difficult when the claimant is actively abusing alcohol or drugs.  Brueggeman v. Barnhart, 348 F.3d 689, 695 ("Even though the task is difficult, the ALJ must develop a full and fair record and support his conclusion with substantial evidence on this point just as he would on any other.").

     Here, although the ALJ cited to evidence of plaintiff's drug and/or alcohol use -- including plaintiff's own testimony about drugs and alcohol use (see AR 13, 17) and various medical records concerning plaintiff's drug and alcohol abuse (see AR 14-15, 17, 19) -- there is not a single medical opinion in the record about how plaintiff's abstention from all drug and alcohol usage would affect his disability.  See Parra, supra, 481 F.3d at 750 (finding that there was substantial evidence to support the ALJ's finding of non-disability where a medical expert testified that alcohol abstinence generally ameliorates the effects of cirrhosis); Tagger v. Astrue, 536 F.Supp.2d 1170, 1181 (remanding the case for the ALJ to "solicit opinions from plaintiff's treating physicians and/or have a medical expert testify about what limitations, if any, plaintiff would continue to experience if his substance abuse ceased.").  Moreover, evidence of plaintiff's improved GAF score at the

time he was discharged from a hospital after a two-day stay in August 2007 (during which time he was diagnosed with <u>inter</u> <u>alia</u> alcohol intoxication and alcohol dependence), which the ALJ relied on, <u>see</u> AR 14-15, 19, does not constitute substantial evidence supporting the ALJ's finding of materiality. <u>See</u> <u>Banks v. Barnhart</u>, 434 F.Supp.2d 800, 805 (C.D. Cal. 2006) (stating that the ALJ's "determination or finding must be supported by medical evidence, particularly the opinion of a treating or an examining physician"); <u>Mathious v. Barnhart</u>, 490 F.Supp.2d 833, 847 (E.D. Mich. 2007) ("The ALJ is not a medical doctor, psychiatrist or psychologist and is therefore not qualified to determine whether someone's functional limitations and IQ scores are the product of alcohol or drug usage without some competent evidence . . . ."); <u>see</u> <u>also</u> <u>Andler v. Chater</u>, 100 F.3d 1389, 1393 (8th Cir. 1996) ("Unlike many physical impairments, it is extremely difficult to predict the course of mental illnesses.") .

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: <u>October 18, 2010</u>

*/s/ Stephen J. Hillman*

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE